## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| BENJAMIN CATT | * | DOCKET NO: |
|  | * |  |
| Plaintiff | * |  |
| v. | * | JUDGE: |
|  | * |  |
| WAYNE'S TRUCK SERVICE, INC. | * |  |
|  | * | MAGISTRATE: |
| Defendant | * |  |
|  | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>COMPLAINT</u>

**NOW COMES** Plaintiff Benjamin Catt, through undersigned counsel, who respectfully alleges as follows:

## I.    INTRODUCTION

This is an action to recover unpaid overtime wages earned by Plaintiff during his employ with Defendant and damages for retaliatory discharge under the Fair Labor Standards Act (29 U.S.C. 201, *et. seq.)*.  Despite being a non-exempt employee who worked in excess of 40 hours per week for the two years he was employed by Defendant, Defendant misclassified Plaintiff as an independent contractor and refused to pay Plaintiff overtime wages. When Plaintiff inquired about the misclassification and unpaid wages, Defendant terminated Plaintiff's employment.

## II.    PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Benjamin Catt is a person of the full age of majority and a Louisiana resident domiciled in Tangipahoa Parish, Louisiana.

2.    Made Defendant is Wayne's Truck Service, Inc., a domestic business corporation authorized to do and doing business in the State of Louisiana, and the Eastern District of Louisiana.

3.     Jurisdiction is conferred upon this Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331, which exists over Plaintiff's FLSA claims.

4.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in the Eastern District of Louisiana.

**III.    FACTS**

5.     Plaintiff Benjamin Catt was employed with Wayne's Truck Service, Inc., as a diesel mechanic, from May 2018 until March 2020.  His general duties included diagnosing and repairing diesel engines. As such, he was a non-exempt employee for purposes of the FLSA.

6.     Throughout his employment, plaintiff would generally work 50 hours per week at a rate of eighteen dollars per hour.

7.     Despite the significant number of overtime hours worked, plaintiff was never paid for his overtime in violation of 29 U.S.C. § 207.

8.     In May of 2020, Plaintiff learned that he was likely entitled to be paid overtime under the law.  When he spoke to his employers, Mr. Wayne Lucido and Mrs. Mildred Lucido, about what he learned, he was immediately terminated. Additionally, Mrs. Lucido threatened to humiliate Plaintiff if he reported them to the IRS.

**IV.    CAUSE OF ACTION FOR VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et. seq.***

9.     Plaintiff incorporates herein all prior paragraphs in this complaint.

10.    Defendant has violated the FLSA by requiring plaintiff to work overtime for each of the seven-day periods he was employed and not compensating him for his overtime at one and a half (1 &1/2) times his average hourly rate in violation of 29 U.S.C. § 207.

11.    Plaintiff made amicable demand for payment of his unpaid overtime wages, which was

refused by Defendant, who instead immediately terminated Plaintiff's employment.

12.    Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to file the instant lawsuit to recover his

unpaid overtime wages, as well as liquidated damages, costs, and attorney's fees.

**IV.    CAUSE OF ACTION FOR VIOLATION OF THE FLSA, 29 U.S.C. § 215, *et. seq.***

13.    Plaintiff incorporates herein all prior paragraphs in this complaint.

14.    Defendant discharged Plaintiff in retaliation for Plaintiff's filing of an oral complaint

with Defendant under the FLSA, in violation of 29 U.S.C. § 215.

15.    Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to file the instant lawsuit to recover his

lost wages as a result of the retaliatory discharge, as well as liquidated damages, damages

for emotional distress, costs, and attorney's fees.

**V.    PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment be entered in his favor and against Defendant in

an amount sufficient to adequately compensate him for his earned overtime wages, lost wages and

emotional distress damages, liquidated damages, costs and attorney's fees as provided by the

FLSA, legal interest thereon from date of judicial demand until paid, all costs of this suit, and for

all other general and equitable relief deemed appropriate by this Court or allowable by law.

Dated: June 1, 2020

STERNBERG, NACCARI & WHITE, LLC

*/s/ Natalie K. Mitchell*
**NATALIE K. MITCHELL,** La. Bar No. 32599
**M. SUZANNE MONTERO,** La. Bar No. 21361
**SCOTT L. STERNBERG,** La. Bar No. 33390
935 Gravier Street, Suite 2020
New Orleans, Louisiana 70112
Telephone: 504.324.2141
Facsimile:  504.534.8961
natalie@snw.law | suzy@snw.law | scott@snw.law

3